IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

RICHARD SHERMAN and
DEBRA SHERMAN,

      CV 12-152-M-DLC-JCL

    Plaintiffs,

vs.

      FINDINGS &
      RECOMMENDATION

NATIONWIDE MUTUAL INSURANCE
COMPANY, ALLIED PROPERTY AND
CASUALTY INSURANCE COMPANY,
and DOES I & II,

    Defendants.

_____

Plaintiffs Richard and Debra Sherman filed this action on July 17, 2012, in the Montana Eleventh Judicial District Court, Flathead County, against their automobile insurer, Defendant Nationwide Mutual Insurance Company.[1] The Shermans advance claims against Nationwide for breach of contract and violation of numerous provisions of the Montana Unfair Claims Settlement Practices Act,

---

[1] The Complaint also names Allied Property and Casualty Insurance Company and states that Allied and Nationwide were merged into one company identified as Nationwide Mutual Insurance Company. The two Defendants will be referred to as "Nationwide."

1

codified at Mont. Code Ann. § 33-18-201 et seq.  The Shermans' complaint prays for an award of compensatory damages together with an award of attorneys fees – both in an unspecified amount.

On September 7, 2012, Nationwide filed a notice of removal under 28 U.S.C. §§ 1441 & 1446 on the basis of diversity jurisdiction.  The notice of removal asserted the amount in controversy, exclusive of costs and fees, exceeded the requisite $75,000.  28 U.S.C. § 1332(a).   The Shermans timely moved for remand under 28 U.S.C. § 1447(c).

By order entered November 8, 2012, the Court, in accordance with 28 U.S.C. § 1446(c)(2)(B), allowed the parties to engage in limited jurisdictional discovery on the amount in controversy issue.  The parties filed supplemental briefs when the jurisdictional discovery was completed.

The newly minted version of 28 U.S.C. § 1446(c) – enacted by the Federal Courts Jurisdiction and Venue Clarification Act – provides that where, as here, a money judgment is sought by the initial pleading, but state practice precludes a claimant from demanding a specific sum, a removing defendant may simply assert in the notice of removal that the amount in controversy exceeds the requisite

$75,000.[2] And the removal of the action on the basis of the amount in controversy asserted in the notice of removal will be deemed proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the requisite $75,000. 28 U.S.C. § 1446(c)(2)(B). The defendant seeking removal bears the burden of proving that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional amount. *See Gugliemnino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007).

The Shermans' responses to Nationwide's jurisdictional discovery requests set forth an arguably tortured damage calculation totalling $73,900.87. *See* Dkt. 19-1. The calculation includes $7,501.00 for accrued attorney fees.

If the substantive law of the forum state allows attorneys fees to be recovered by a plaintiff, a claim for attorneys fees is to be included in the computation of the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In Montana, an insured who is forced to assume the burden of a legal action to obtain the full benefit of an insurance contract is entitled to recover attorneys fees under Montana's insurance exception to the American Rule.

---

[2] Mont. Code Ann. § 25-4-311 provides that damages for personal injury or wrongful death may not be stated in the claim for relief. The parties do not dispute this statutory proscription applies.

3

*Riordan v. State Farm Mutual Auto. Ins. Co.*, 589 F.3d 999, 1006-07 (9th Cir. 2009). Thus, if the Shermans prevail on their first-party claim against Nationwide, they will be entitled to recover the attorneys fee incurred in the prosecution of this case. Taking into consideration the significant amount of additional attorneys fees that will undoubtedly be incurred by the Shermans if this case proceeds to any significant degree, the amount in controversy could easily exceed the requisite $75,000.

On January 3, 2013, the Court conducted a Fed. R. Civ. P. 26 preliminary pretrial conference and took the opportunity to discuss the amount in controversy issue with the parties. As a result of those discussions, the Court afforded the Shermans the opportunity to consider whether, in view of the *Riordan* decision, they wished to maintain their position that remand is appropriate. The Shermans were advised that if they decided to maintain that position, they would have to file an affidavit expressly stating that if the case is remanded they will not seek to recover damages – inclusive of attorneys fees and punitive damages – in excess of $75,000.

As a pre-condition for remand, a federal court can require a plaintiff to file an affidavit or stipulation that he will not seek to recover damages in state court of more than $75,000. *See* 14 A.A. Fed. Practice & Proc. Jurisd. § 3702.1 n. 14 (4th

4

Ed.) (citing cases). Where such an affidavit is filed as a pre-condition for remand, a plaintiff who proceeds to seek more than $75,000 in state court would be acting in bad faith within the contemplation of 28 U.S.C. § 1446(c)(1), thereby allowing a defendant to remove the case beyond the one year limitation set forth in § 1446(c)(1).

On January 9, 2013, both Richard Sherman and Deborah Sherman filed a binding affidavit stating:

> If the legal action is returned to the district court of the Eleventh Judicial District of Montana, I, together with my spouse and co-plaintiff, will not claim more than $75,000 in damages, including punitive damages and attorneys fees.

Based upon the Shermans' affidavit, the Court finds by a preponderance of the evidence presented that the amount in controversy does not exceed the requisite jurisdictional amount of $75,000. Therefore, the case is properly remanded to the Montana Eleventh Judicial District Court, Flathead County. Accordingly,

IT IS RECOMMENDED that Plaintiff's Motion to Remand be GRANTED.

DATED this 15th day of January, 2013.

Jeremiah C. Lynch
United States Magistrate Judge